UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAGDEEP SINGH,

       Petitioner,

    v.

CHRISTOPHER CHESTNUT, Warden of California City Detention Facility; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States,

       Respondents.

Case No. 1:26-cv-00027-KES-EPG (HC)

A-Number: 241-701-485

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 1, 14

Petitioner is a former immigration detainee proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner filed a motion for temporary restraining order, which the Court converted to a motion for a preliminary injunction and granted.  Docs. 2, 8.  The Court referred the matter to the magistrate judge for further proceedings.  Doc. 8.

On May 28, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted for the reasons set forth in the order granting preliminary injunction.  Doc. 14 at 2.  The findings and recommendations were

1

served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service.  On June 11, 2026, respondents filed timely objections.  Doc. 15.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Respondents do not raise any new legal arguments in their objections.  Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1.  The findings and recommendations issued on May 28, 2026, Doc. 14, are adopted in full.

2.  The petition for writ of habeas corpus, Doc. 1, is granted.

3.  Respondents are ENJOINED and RESTRAINED from re-detaining petitioner Jagdeep Singh (A-Number 241-701-485) unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified.[1]

4.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   July 15, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

2